**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONEYDA AZUCENA LAINEZ-BONILLA, | No. 25-1417 |
| Petitioner, | Agency No. A201-350-616 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.***

Oneyda Azucena Lainez-Bonilla, a native and citizen of El Salvador,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, Seventh Circuit, sitting by designation.

dismissing her appeal of an Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). Our review is limited to arguments raised before the BIA. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *see also Shen v. Garland*, 109 F.4th 1144, 1157–58 (9th Cir. 2024).

1.      Lainez-Bonilla failed to raise any challenges, supported by legal or factual authority, to the BIA on her application for asylum or withholding of removal. She did not file a brief on appeal to the BIA. Relying only on a statement provided in her Notice of Appeal, the BIA deemed her arguments on those claims waived. The issues are therefore unexhausted, *see Umana-Escobar*, 69 F.4th at 550, and we cannot consider them for the first time on a petition for review. *See* 8 U.S.C. § 1252(d)(1) (mandating exhaustion); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023) (holding that § 1252(d)(1) is a mandatory claims-processing rule).

2.      "We review the denial of CAT relief for substantial evidence." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). The BIA did

not consider Lainez-Bonilla's CAT arguments waived, so we consider them to the extent they were raised before the BIA.

Substantial evidence supports the agency's denial of CAT relief. To qualify for that relief, Lainez-Bonilla needed to establish that if she returned to El Salvador, it is more likely than not she would be tortured by or with the acquiescence of a state actor. *See Diaz-Reynoso*, 968 F.3d at 1089. "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7).

Lainez-Bonilla has not shown it is more likely than not that a public official would consent to or acquiesce in any torture of her. She submitted country conditions reports and articles describing crime and violence in El Salvador, as well as corruption by public officials and a lack of government accountability. That kind of evidence is too generalized to require a finding of likelihood of torture—and especially torture by or with the acquiescence of a state actor. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture.").

Lainez-Bonilla also testified that a police officer declined to investigate a written death threat made against her daughter. Her testimony indicated that the officer told her that the police "could help" but that Lainez-Bonilla "had little

proof." The evidence of this incident also does not compel a finding that public officials should have inferred that alleged torture was imminent and willfully turned a blind eye to it. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059–60 (9th Cir. 2006) (describing acquiescence standard); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness . . . to investigate and prevent crime will not suffice to show acquiescence.").

3.      Finally, Lainez-Bonilla asserts her counsel was ineffective. This review petition, however, is the first time she has presented this challenge. "The proper way to raise and exhaust an ineffective assistance of counsel claim . . . is through a motion to reopen before the agency." *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021). Because Lainez-Bonilla has not filed a motion to reopen, the issue is not properly before us. [1]

**PETITION DISMISSED IN PART AND DENIED IN PART.**[2]

---

[1] Lainez-Bonilla contends that the BIA erroneously did not consider her minor daughter's application for relief and protection from removal. But the BIA noted her daughter has her own legal counsel, so her application was considered in a separate decision. To the extent Lainez-Bonilla argues that the BIA was misinformed or misled on this point by prior ineffective counsel, she may be able to raise that issue in a motion to reopen.

[2] The stay of removal will remain in place until the mandate issues. The motion to stay removal (Dkt. No. 1) is otherwise denied.